Kevin T. Cauley, Esq. (SBN 105082)
Lana U. Sheshina, Esq. (SBN 249219)
SCHWARTZ SEMERDJIAN HAILE BALLARD & CAULEY LLP
101 West Broadway, Suite 810
San Diego, California 92101
Telephone: (619) 236-8821
Facsimile: (619) 236-8827

Attorneys for Plaintiff
JCI METAL PRODUCTS

FILED
09 SEP 30 AM 10:01
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JCI METAL PRODUCTS,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE NAVY,<br><br>                Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF ("REVERSE" FOIA)**<br><br>'09 CV 2139 IEG AJB |

I.

**INTRODUCTION**

1.     Plaintiff JCI METAL PRODUCTS ("JCI"), sues for temporary and permanent injunctive and declaratory relief enjoying the Defendant UNITED STATES DEPARTMENT OF THE NAVY (the "Navy") from releasing or disseminating certain pricing information contained in an awarded contract, the N00244-02-D-0026 ("Contract"), to a competitor in response to the competitor's request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. For the reasons stated herein, the release of specified portions of that contract are exempt from disclosure under FOIA because they constitute "trade secrets and commercial or financial information obtained from a person and privileged or confidential" under 5 U.S.C. § 552(b)(4) and disclosure of that information would violate the Trade Secrets Act, 18 U.S.C. § 1905.

///

2. JCI will suffer substantial and irreparable harm if this information is released because the competitor to whom it will be released is a potential competitor of JCI for similar government and commercial contracts, and the public disclosure of the information will allow other competitors and customers gain access to the information. Disclosure of the Contract will severely prejudice JCI's ability to compete because competitors will gain a competitive advantage by using that information to determine JCI's rates, overheads, profits and other sensitive pricing factors, which would then allow the competitors to underbid JCI for similar items and will permit JCI's commercial customers to bargain down prices more effectively. Despite the obvious prejudice to JCI, on September 18, 2009, the Navy made a final administrative decision to release the Contract containing the confidential pricing information to JCI's competitor.

## II.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States, including FOIA and the Trade Secrets Act. Judicial review of the actions of the Navy alleged herein is permitted under the Administrative Procedure Act, 5 U.S.C. §§ 701-706. Venue lies in this District under 28 U.S.C. § 1391(e).

## III.

## PARTIES

4. Plaintiff JCI is a full service sheet metal company specializing in the fabrication, installation, modernization and repair of shipboard engineering, habitability, joiner and ventilation systems for the Military marine industry.

5. Defendant Navy is the United States Department of the Navy established by an Act of Congress on April 30, 1798, to provide administrative and technical support, and civilian leadership to the United States Navy and the United States Marine Corps.

///

///

///

## IV.

## FACTS

### A. The Contract

6. In June 2002, the Navy awarded JCI Contract N00244-02-D-0026, pursuant to which JCI performed various Navy shipboard repairs in San Diego. JCI has been performing repair work for the Navy for over 24 years on other contracts throughout the Pacific and East Coast.

7. Prior to the award of the Contract, JCI submitted a contract bid in response to the Navy's solicitation number N00244-02-R0023.

8. The proposal contained JCI's Contract Line Item Number ("CLIN") prices for specific tasks and materials.

9. JCI has treated and considered its CLINs to be confidential and proprietary material, and it has taken precautions to preserve that confidentiality.

10. The Contract is one of the several contracts for the Navy shipboard maintenance that have been submitted for competitive bidding to the Navy. JCI is one of the several private companies that seek to obtain contracts for such services.

11. If JCI's competitors knew or had access to the confidential and proprietary CLIN information in the Contract, they would gain an unfair competitive advantage over JCI in future contract competitions. This information, combined with publicly available information known by other bidders for contracts, would permit the competitors to calculate JCI's rates, overheads, profits and other sensitive pricing for similar items. The information also would allow JCI's commercial customers to bargain down prices more effectively.

12. The Contract expired in December 2007. Currently JCI is in the process of submission of a new bid for a new contract with the Navy for tasks very similar to those contained in Contract N00244-02-D-0026.

### B. The Navy's Release of Information

13. On or about February 24, 2009, JCI received a letter from the Navy indicating that pursuant to a Freedom of Information Act ("FOINA") the Navy intended to release JCI's CLINs to JCI's competitor, Pacific Maritime Industries. The letter gave JCI until March 6, 2009, to submit

1 information that legally supports a determination that release of JCI's CLINs would cause substantial
2 competitive harm and is therefore exempt from disclosure under the FOIA.

3    14.    On or about March 5, 2009, counsel for JCI sent a letter to the Navy indicating that
4 pursuant to *McDonnell Douglas Corporation v. United States Department of the Air Force*, 375
5 F. 3d 1182 (2004) (the "*McDonnell* decision"), JCI's CLINs were within the scope of 5 U.S.C. §
6 552(b)(4) ("exemption 4") and therefore should not be released by the Navy because it would cause a
7 substantial competitive harm to JCI.

8    15.    On or about March 6, 2009, the Navy responded to JCI indicating its intent to release
9 JCI's CLINs since they do not contain breakouts for cost, profit, G&A, unburdened labor rates, or
10 similar information covered by exemption 4. The March 6, 2009, letter gave JCI until March 13,
11 2009, to provide the Navy with further legal support for non disclosure of JCI's CLINs. On or about
12 March 13, 2009, counsel for JCI responded to the Navy stating the specific reasons why JCI's CLINs
13 were within the scope of exemption 4.

14    16.    Specifically providing that release of JCI's CLINs would allow JCI's competitors to
15 deduce the percentage by which JCI marks up the bids it receives from subcontractors and provide
16 competitors with JCI's bottom line prices. Many items in JCI's CLINs contain specific vendor
17 discounts that JCI has been able to negotiate with the same vendors used by its competitors due to its
18 individual relationship with a vendor. Furthermore, release of JCI's CLINs would enable JCI's
19 competitors determine the structure of the pricing methods used by JCI and overall bid strategy of
20 JCI as well as the structure of its pricing methods and underbid it on the subsequent contract.

21    17.    On or about, September 18, 2009, the Navy responded to JCI's March 13, 2009 letter.
22 The Navy indicated that its final administrative decision was to release JCI's CLINs and JCI had 10
23 business days to file a complaint or seek a restraining order to prevent the Navy from releasing JCI's
24 CLINs.

25    18.    On or about, September 22, 2009, counsel for JCI communicated with the Navy to
26 find out whether the Navy will hold off releasing the documents if JCI will file a lawsuit. On or
27 about, September 23, 2009, the Navy responded stating that it intends to release JCI's CLINs on
28 October 6, 2009, unless JCI properly files and serves injunctive action before that date.

19. JCI provided the Navy with detailed and well-supported objections to release of the CLINs at issue in this action. The Navy's denial of JCI's request to withhold the information is arbitrary and capricious, an abuse of discretion, and in violation of the law.

20. The Navy's decision to release the Contract is a final administrative decision subject to review by this Court.

21. JCI has no adequate remedy at law and the equitable intervention of this Court is required to protect its lawful interests.

22. If the information is released as planned, JCI will suffer immediate irreparable injury and substantial competitive harm.

23. Injunctive and declaratory relief is an appropriate remedy to be granted to JCI.

24. The requested relief is in the public interest because it will preserve the integrity of the competitive bidding process for government contracts and assure compliance with the Trade Secrets Act.

## FIRST CAUSE OF ACTION

25. JCI incorporates by reference paragraphs 1 through 24 of the complaint.

26. JCI's CLIN information at issue here is confidential commercial and financial information exempt from mandatory disclosure under Exemption Four of FOIA, 5 U.S.C. § 552(b)(4).

27. The Navy's determination that the information at issue is not within the scope of Exemption Four of FOIA, is arbitrary and capricious, an abuse of discretion, and violates and contravenes the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

## SECOND CAUSE OF ACTION

28. JCI incorporates by reference paragraphs 1 through 27 of the complaint.

29. Disclosure by the Navy of JCI's CLIN information at issue here would violate and contravene the Trade Secrets Act, 18 U.S.C. § 1905.

///
///
///

## REQUEST FOR RELIEF

WHEREFORE, JCI requests judgment:

a) Declaring the CLIN information at issue here is within the scope of Exemption Four of FOIA;

b) Declaring that disclosure of the CLIN information at issue here would violate and contravene the Trade Secrets Act;

c) Setting aside the Navy's decision to disclose the information at issue as arbitrary and capricious, an abuse of discretion, and not in accordance with law;

d) Granting JCI's temporary and preliminary relief from disclosure of this information until this Court reaches a decision to enjoin the Navy permanently from disclosing the JCI's CLINs;

e) Permanently enjoining the Navy, its officers, agents and employees from disclosing JCI's CLINs; and

f) Granting such other and further relief as may be deemed just and proper.

DATED: September 30, 2009

Respectfully submitted,

SCHWARTZ SEMERDJIAN HAILE
BALLARD & CAULEY LLP

By: _____
Kevin T. Cauley, Esq.
Attorneys for Plaintiff
JCI METAL PRODUCTS

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS
JCI METAL PRODUCTS

### DEFENDANTS
UNITED STATES DEPARTMENT OF THE NAVY

FILED
09 SEP 30 AM 10: 01
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: DEPUTY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Kevin T. Cauley, Esq. (#105082)
Lana U. Sheshina, Esq. (#249219)
Schwartz Semerdjian Haile Ballard & Cauley LLP
101 West Broadway, Suite 810, San Diego, CA 92101
(619) 236-8821

ATTORNEYS (IF KNOWN)

'09 CV 2139 IEG AJB

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)
- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [X] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
5 U.S.C. § 552(b)(4); 18 U.S.C. § 1905

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| [ ] 110 Insurance | [ ] 310 Airplane | [ ] 362 Personal Injury - Medical Malpractice | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reappointment |
| [ ] 120 Marine | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | | | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | PROPERTY RIGHTS | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | PERSONAL PROPERTY | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | SOCIAL SECURITY | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 690 Other | [ ] 861 HIA (13958) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | LABOR | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | HABEAS CORPUS: | [ ] 740 Railway Labor Act | FEDERAL TAX SUITS | [X] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | [ ] 890 Other Statutory Actions |
| | | [ ] 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES  [X] NO

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ Docket Number _____

DATE: September 30, 2009

SIGNATURE OF ATTORNEY OF RECORD: /s/ Kevin Cauley

Kevin T. Cauley, Esq.

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

**ORIGINAL**

#5763, $350.00   MS 9/30/09

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS005763
Cashier ID: msweaney
Transaction Date: 09/30/2009
Payer Name: SCHWARTZ SEMERDJIAN
----------------------------------
CIVIL FILING FEE
 For: JCI METAL V US DEPT OF NAVY
  Case/Party: D-CAS-3-09-CV-002139-001
  Amount:       $350.00
----------------------------------
CHECK
 Check/Money Order Num: 26267
 Amt Tendered:  $350.00
----------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:    $0.00


There will be a fee of $45.00
charged for any returned check.
```